**GENERAL ELECTRIC COMPANY and John Crist, Petitioners–Appellees,**

v.

**IOWA CIVIL RIGHTS COMMISSION, Respondent–Appellant.**

No. 89–143.

Court of Appeals of Iowa.

Nov. 27, 1989.

Thomas J. Miller, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for respondent-appellant.

Robert A. Engberg of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for petitioners-appellees.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Appellant challenges the district court's reversal of the agency's finding that appellees had discriminated against Cheryl Levitt on the basis of her sex (pregnancy). She argues the district court erred by making its own findings of fact and by not applying the limited standard of review applicable to Iowa Code section 17A.19 cases. We affirm the district court.

In the latter part of 1985, General Electric (G.E.) was undergoing massive changes in its product line at its Burlington, Iowa, plant. G.E. hired numerous temporary employees for temporary jobs of three to four month's duration.

Cheryl Levitt, who had previously worked for G.E. as utility operator from October 1980 through July 1982, applied for one of the temporary positions. On August 19, John Crist, an employee relations specialist, scheduled a preemployment exam for Levitt with the company nurse and scheduled Levitt's exam with the company doctor for the following day. The company nurse asked several questions about Levitt's pregnancy. Levitt expected to be unavailable for approximately six to eight weeks following the birth of her child whose anticipated delivery date was October 12, 1985.

Following the nurse's exam, John Crist telephoned and allegedly informed Levitt that he "had not realized that [Levitt] was pregnant, but if [Crist] had known before, [he] wouldn't have offered [her] the position, and there was no point in having the physical since [she] couldn't come back to work."

On September 3, 1985, Levitt filed her complaint with the Iowa Civil Rights Commission (Commission) alleging discrimination on the basis of sex in the decision not to hire her. Before the agency, G.E. took the position that Levitt was not hired because she would have been unavailable to work approximately one-half of the temporary employment period and all applicants for the temporary jobs were required to assure their continued availability.

After a hearing and an appeal, the Commission held for Levitt and awarded her backpay and attorney's fees. G.E. filed a petition for judicial review.

In reviewing the agency's action, the district court found that the agency's action was not supported by substantial evidence when that record was viewed as a whole. The court felt that the reason G.E. did not hire Levitt was because she was not going to be available for the entire period of employment; not because she was pregnant at the time she applied. The court believed that had Levitt stated she anticipated being unavailable because she was going to undergo surgery, or because she

was going on vacation, or because of any other reason, she likewise would not have been hired. In support of its ruling, the court cited examples in the record where John Crist had expressed his specific concerns about applicants being able to work the entire temporary work period.

■ On judicial review of contested cases, we determine whether the agency's decision is supported by substantial evidence in the record. *Dubuque Community School Dist. v. Public Employment Relations Board*, 424 N.W.2d 427, 431 (Iowa 1988). Our scope of appellate review is limited to the question of whether the district court correctly applied the law. *Id.*

Appellant contends the district court failed to apply the proper scope of review. As far as the record shows, the district court cited the correct authority and applied the proper scope of review. The only question that can be determined by this court is whether the district court *correctly* applied the scope of review referred to in its order.

■ There is no question that both the agency and the district court correctly applied the law. However, it is not clear whether the agency's conclusion that appellant was refused work due to her pregnancy was supported by substantial evidence. Substantial evidence is that which a reasonable mind would accept as adequate to reach a given conclusion, even if a reviewing court would have drawn a contrary inference from the evidence. *Norland v. Iowa Dept. of Job Service*, 412 N.W.2d 904, 908 (Iowa 1987). There is no contrary inference to be drawn from these facts. The only inference that can be drawn is that the appellant was not hired due to her inability to work the entire period. The appellant does not claim that appellee has a policy of not hiring pregnant workers. The claim of discrimination relates to this one instance.

The facts surrounding this particular "job" prevent a finding of discrimination. The job was only for three or four months. The appellee made it clear to each applicant that in order to be considered for the position, he or she must be available for the entire period. The fact that appellee did

not cross-examine each applicant to smoke out every possible interference with the employment does not mean that appellant was treated any differently due to her condition. The appellant admitted at the time of her interview that she would have to miss six to eight weeks of the employment period to have her child. There is no evidence that John Crist was unaware appellant's pregnancy would require this absence when he told her not to come back to work. This is not the case of a pregnant woman who is not hired even though the pregnancy will not interfere with the work. The pregnancy would clearly and substantially interfere with the required work. There is no question appellant was not hired only because she could not work the entire period and not because she was pregnant. We agree with the district court's conclusion that the agency's findings were not supported by substantial evidence.

AFFIRMED.